UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KUNTA GRAY,

        Plaintiff,

   v.                                              CAUSE NO. 3:23-CV-833 DRL-MGG

WILLIAM HYATTE *et al.*,

        Defendants.

OPINION AND ORDER

Kunta Gray, an Indiana state prisoner, was stabbed by another inmate. He sues Warden William Hyatte, Deputy Warden Jacquelyn Scaiffe, Case Manager Salem Owens, Sergeants Kameo Kirby, Ryan McCollum, Luis Cruz, and Marissa Robbins, and Officers Craig Wallace, Teddy Rife, and Montrel McGee under 42 U.S.C. § 1983 for failing to protect and thereby violating his Eighth and Fourteenth Amendment rights. The defendants ask the court to dismiss his claims under Federal Rule of Civil Procedure 12(b)(6). The court grants the motion in part.

BACKGROUND

The court takes all well-pleaded facts in the complaint as true, as it must for a Rule 12(b)(6) motion. Mr. Gray is a prisoner at the Miami Correctional Facility (MCF), which is overseen by Warden Hyatte and Deputy Warden Scaiffe [¶¶ 10-12]. On the morning of March 18, 2022, Sergeant Cruz removed Mr. Gray from his cell to attend a medical appointment [¶ 37]. As Mr. Gray walked toward the exit door in the day room, another inmate (James Jenkins) rushed toward him and, for no apparent reason, stabbed him in the face with a sharp metal object [¶¶ 38-39].

Sergeant Cruz and Officer Wallace subdued Mr. Jenkins with spray [¶ 41]. Officers Rife and McGee photographed the injuries [¶ 43]. Thankfully, Mr. Gray was able to walk away from the encounter

with assistance, but his wounds required medical treatment for thirty days [¶¶ 42, 44]. The injuries have caused ongoing pain and difficulty breathing, which particularly affects his sleep [¶ 45].

Mr. Jenkins had a history of violence in prison. As alleged, Sergeant Robbins told Mr. Gray that she knew Mr. Jenkins was going to do something to someone [¶ 47]. About a day before the March 18 incident, Mr. Jenkins was apprehended by Sergeant Kirby for an assault in I-Dorm [¶ 32]. According to Mr. Owens, Sergeant Kirby confiscated two weapons and suspected methamphetamine from Mr. Jenkins, and he was placed in a segregated housing unit [¶¶ 33-34]. Approximately a day later, Sergeant McCollum told officers to return Mr. Jenkins to general population in I-Dorm, where Mr. Gray was subsequently stabbed [¶ 35]. After exhausting administrative remedies, including an Indiana Tort Claims Act notice [6-2], Mr. Gray initiated this suit.

## STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations." *Id.* A claim must be plausible, not probable. *Indep. Tr. Corp. v. Steward Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quotations and citation omitted).

DISCUSSION

"The Eighth Amendment, as incorporated by the Due Process Clause of the Fourteenth Amendment, prohibits a state from inflicting cruel and unusual punishment." *Santiago v. Lane*, 894 F.2d 218, 221 (7th Cir. 1990). Courts have held that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). For a deliberate indifference claim, a "claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842.

The "deliberate indifference" standard is akin to criminal recklessness. *Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008). Deliberate indifference requires actual—not merely constructive—knowledge of a substantial risk. *Jones v. City of Chi.*, 856 F.2d 985, 992-93 (7th Cir. 1988). Negligence or gross negligence does not suffice. *Id.* General requests for help, expressions of fear, and even prior attacks are insufficient to establish that guards knew of a substantial risk. *See Klebanowski*, 540 F.3d at 639-40. The substantial risk may stem from "violence at the hands of other prisoners," *Farmer*, 511 U.S. at 833 (citation omitted), but officials do not violate the Eighth Amendment "just because they know that violence occurs in prisons and don't do more to prevent it on an institution-wide basis." *Vance v. Rumsfeld*, 701 F.3d 193, 204 (7th Cir. 2012). Prisons are dangerous places, as many "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008).

To be liable under 42 U.S.C. § 1983, a prison official must have had personal involvement in the constitutional deprivation. *Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019). There is no *respondeat superior* liability for supervisors; each defendant must individually "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Jones*, 856 F.2d at 992. Prison officials are deliberately indifferent to a risk when they "fail[] to take reasonable steps to abate it." *Farmer*, 511 U.S. at 847.

3

Mr. Gray alleges liability against ten employees of the prison. His theory seems to be that everyone who might have known about Mr. Jenkins' release but did not intervene to prevent it owes damages. But when his mere legal conclusions are discarded (as they must be for today's motion), he has not sufficiently pleaded a constitutional violation against nine of the ten defendants. Otherwise stated, he has not alleged a plausible claim against nine defendants.

Deliberate indifference requires actual knowledge and conscious disregard of a substantial risk of serious harm. Mr. Gray says the defendants "must have known that [he] was at serious risk of being harmed" [6 ¶ 29]. But the facts alleged do not indicate that nine of the defendants had actual knowledge of a substantial risk:

- Sergeant Kirby previously apprehended Mr. Jenkins for an assault and confiscated weapons [¶ 32-33], but knowledge of past violence does not establish knowledge of a substantial future risk. *See Klebanowski*, 540 F.3d at 639-40.

- Case Manager Owens knew about the confiscation of weapons and Mr. Jenkins's placement in segregated housing [¶ 34], but that falls short of actual knowledge or conscious disregard of a substantial risk of serious harm on this day. *See Klebanowski*, 540 F.3d at 639-40.

- Though officers were informed by Sergeant McCollum to send Mr. Jenkins back to general population [¶ 35], the complaint doesn't allege plausibly that Sergeant McCollum knew Mr. Jenkins was a substantial risk, much less a risk to Mr. Gray specifically. Without more, the plausible import of this pleading is that Sergeant McCollum released Mr. Jenkins because he believed Mr. Jenkins was *not* a risk.[1]

- Sergeant Cruz removed Mr. Gray from his cell on the day of the incident [¶ 37], and Officers Wallace, Rife, and McGee saw the aftermath of the attack when they subdued Mr. Jenkins and photographed Mr. Gray's injuries [¶¶ 41, 43]; but the complaint never says they knew about the risk Mr. Jenkins posed beforehand, or how they knew.

- Aside from alleging that general prison safety oversight [¶¶ 11-12], Mr. Gray also hasn't alleged that Warden Hyatte or Deputy Warden Scaiffe knew there was a risk. *See Jones*, 856 F.2d at 992; *see also Steidl v. Gramley*, 151 F.3d 739, 741 (7th Cir. 1998) ("The plaintiff never comes to grips with the central issue in this case—the absence of vicarious liability [for a warden] in a § 1983 action.").

---

[1] Mr. Gray argues that releasing Mr. Jenkins violated Indiana Department of Correction policy regarding administrative segregation, but "a violation of a jail policy is not a constitutional violation enforceable under 42 U.S.C. § 1983." *Pulera v. Sarzant*, 966 F.3d 540, 551 (7th Cir. 2020).

4

This leaves only Sergeant Robbins. Here Mr. Gray gains plausible traction. According to the complaint, she was responsible for the care of offenders on her shift assignment. The complaint alleges that she failed to intervene to protect Mr. Gray. More particularly, the complaint alleges that she told Mr. Gray that she knew Mr. Jenkins would do something to someone and apologized that this was Mr. Gray [¶ 47]. The defense argues that this statement occurred after the stabbing, but it reasonably contemplates her knowledge beforehand. The phrase "do something to someone," taking all reasonable inferences in Mr. Gray's favor based on the other allegations within the complaint, plausibly means a violent act like the one carried out on Mr. Gray. This sufficiently pleads knowledge that would give rise to a claim. It matters not that she may not have known Mr. Gray would be the victim because "a deliberate indifference claim may be predicated on custodial officers' knowledge that a specific individual poses a heightened risk of assault to even a large class of detainees." *Brown v. Budz*, 398 F.3d 904, 915 (7th Cir. 2005). It is well settled that deliberate indifference may be found though the target's specific identity is not known in advance. *See id.* (citing cases).

"[M]ere awareness of the facts giving rise to a substantial risk is not enough to establish deliberate indifference." *Id.* at 916. Mr. Gray must also allege that Sergeant Robbins disregarded the risk by failing to take "reasonable measures to abate" it. *Farmer*, 511 U.S. at 847. For his claim to survive at this stage, he must "give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Though the complaint makes only a few statements regarding Sergeant Robbins's employment at the prison and responsibility for care of offenders on her shift assignment, the pleading plausibly alleges that her duties positioned her such that her failure to act could give rise to an inference of deliberate indifference as well as her personal involvement. If she were in fact not so responsible, knowledgeable, or involved, discovery will bear this out.

CONCLUSION

Accordingly, the court GRANTS IN PART the motion to dismiss [19] and DISMISSES WITHOUT PREJUDICE Mr. Gray's claims against Warden William Hyatte, Deputy Warden Jacquelyn Scaiffe, Case Manager Salem Owens, Sergeants Kameo Kirby, Ryan McCollum, and Luis Cruz, and Officers Craig Wallace, Teddy Rife, and Montrel McGee. The case remains pending against Sergeant Marissa Robbins.

SO ORDERED.

August 1, 2024

*s/ Damon R. Leichty*
Judge, United States District Court